ORIGINAL



FILED

2013 JUL 16 A 11:09

BY FAX

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff John Lofton, on his own behalf, and behalf of all others similarly situated*

EDL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

COLLECTO, INC., a Massachusetts corporation and DOES 1-5, inclusive,

    Defendants.

Case No. CV 13 3293

**CLASS ACTION COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

**JURY DEMAND**

**CLASS ACTION COMPLAINT**

Plaintiff John Lofton ("Lofton" or "Plaintiff"), makes this complaint against Defendant Collecto ("Collecto" or "Defendant"), and Does 1 to 5 (collectively, "Defendants"). Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on his counsel's investigation, and information and belief.

**Introduction**

1. Defendants' business is the collection of consumer debt. Defendants use a predictive dialer to make telephone calls to cellular telephone numbers, often without the prior express consent of the persons using those cellular telephone numbers. This practice violates the

Class Action Complaint      1

Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA"). Plaintiff asserts a class claim under the TCPA.

2.  Plaintiff seeks statutory damages and injunctive relief on his own behalf and on behalf of a class under 47 U.S.C. § 227(b)(3).

**Parties**

3.  Plaintiff John Lofton is a natural person residing in San Leandro, California. Lofton brings this action on behalf of himself and others similarly situated.

4.  Defendant Collecto, Inc. is a Massachusetts corporation which lists its address with the California Secretary of State as 700 Longwater Drive, Norwell, Massachusetts 02061. Collecto is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others. Collecto is a debt collector.

5.  Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 5, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by plaintiff.

6.  Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

7.  All Defendants, including Does 1 through 5, are collectively referred to as

Class Action Complaint 2

"Defendants" or "Collecto."

8. Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

### Jurisdiction and Venue

9. For the reasons stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227.

10. This Court has personal jurisdiction over the Defendants under California Code of Civil Procedure section 410.10 because many of the acts alleged herein were committed and injury was incurred in Alameda County.

11. Venue is also proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

12. All allegations in this complaint are based on information and belief and/or the documents and information currently available, and are such that additional evidentiary support and detail will be forthcoming after a reasonable opportunity for further investigation or discovery.

### Intradistrict Assignment

13. A substantial part of the events which give rise to the claim occurred in Alameda County. Under Local Rule 3-2(c), (d), this civil action should be assigned to the Oakland division of the Northern District of California.

### The Telephone Consumer Protection Act

14. Congress enacted the Telephone Consumer Protection Act in 1991. The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a . . . cellular telephone service . . .

47 U.S.C. § 27(b)(1)(A).

15.  The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may ... bring ... an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such a violation, an action to recovery for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both ... If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages available above].

47 U.S.C. § 227(b)(3).

### Plaintiff's Individual Allegations

16.  Collecto has persistently and repeatedly called Lofton's cellular telephone, seeking to contact another individual who is apparently a delinquent subscriber of Collecto. As Lofton has repeatedly explained to Collecto, he is not this person Collecto is seeking, he does not know this person, and the other person does not use the number at which Collecto called Lofton.

17.  Lofton is the regular user and carrier of the cell phone called by Collecto.

18.  Lofton specifically alleges that Collecto called Lofton's cellular telephone on June 4, 2012 and on June 7, 2012. In both the June 4 and June 7 calls, Lofton explained to Collecto's representatives that he was not the person Collecto sought and directed Collect to cease calling him.

19.  Collecto obtained Lofton's cellular telephone via skip-tracing. Collecto did not have prior express consent to call Lofton's cellular telephone via skip-tracing.

20.  During all of Collecto's calls, there was a significant pause before Collecto's representative started speaking, which is a telltale sign that Collecto used a predictive dialer to make the call:

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers ... In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of*

*1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*"). Collecto has also testified in other civil actions that it has used predictive dialers. Collecto placed each and every call alleged in this complaint with one or more predictive dialers. Predictive dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Lofton's cellular telephone number when Collecto made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Lofton's cellular telephones in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

21. None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22. Collecto frequently uses skip-tracing services to locate telephone numbers used by consumers whom it calls. These skip-tracing services include LexisNexis and/or CBCInnovis. Collecto does not obtain such numbers from the original creditor. When Collecto obtains cellular numbers from a skip-tracing service, it does not have prior express consent to call those numbers.

## Class Certification Allegations

23. **Class Definition:** Lofton seeks to certify a class and brings this Complaint against the Defendants, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class: (a) all natural persons residing in the United States; (b) who received one or more telephone calls from a predictive dialer operated by Defendants to their cellular telephone number; (c) on or before four years from the date this complaint is filed; where (e) the number was obtained through skip tracing or captured by the Defendants' equipment from an inbound call, but the person never had an agreement with the creditor for whom Collecto seeks to collect (the "Class"). Excluded from the Class are Defendants, any entity in which Defendants have a

controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Lofton reserves the right to revise the definition of the Class based on facts learned during discovery. Lofton is a member of the Class.

24. **Class Numerosity:** The exact number of members of the Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants. The Class is so numerous that joinder of all members is impractical. Lofton alleges that there are more than 40 members of the Class.

25. **Class Commonality:** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members of the Class. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the Class member. The predominant common questions include:

   a. Whether Defendants' telephone system constitutes an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1);

   b. The manner in which Defendants obtained the Class members' cellular telephone phone numbers.

   c. Whether there is evidence Defendants had prior express consent to call class members.

   d. Whether Defendants' calls violated the TCPA.

26. **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is not different in any relevant way from any other member of the Class, and the relief he seeks is common to the Class.

27. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class: his interests do not conflict with their interests. Plaintiff has retained counsel competent and experienced in complex class actions, and they intend to prosecute this action vigorously.

28. **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods

Class Action Complaint 6

for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendants' misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

29. **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendants challenged herein apply and affect members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

30. **Injunctive Relief is Appropriate:** Based on information and belief, Defendants continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

**FIRST CAUSE OF ACTION:**
**Violation of the TCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the Class**

31. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and the Class Members.

32. Collecto makes outgoing calls to consumers and others in the regular course of its business. Collecto called Lofton and Class members' cellular telephone numbers.

33. Collecto placed calls to Lofton and Class members using predictive dialers. The predictive dialers are an automatic telephone dialing system; no human manually entered the cellular telephone numbers which Defendants called at the time the call was made. Rather, the predictive dialers electronically dialed the Class members' cellular telephones in an automated fashion. The predictive dialers are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

34. Defendants do not and did not obtain legally effective prior express consent to call the Class members' cellular telephone numbers. Collecto frequently uses skip-tracing services to identify Class members' cellular telephone numbers. Collecto also obtained Class members' cellular telephone numbers by logging the originating number for any incoming calls. When Collecto obtains Class members' cellular telephone numbers in this manner, it does not have legally effective prior express consent to call those numbers.

35. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Lofton and the other members of the Class (1) that were automatically dialed by Collecto's telephone system; (2) made to a cellular telephone number; (3) which number Collecto obtained from a skip-tracing service, and not as the result of the Class member's transaction with a creditor or alleged creditor.

36. Lofton, on his own behalf, and behalf of the other Class members, seeks to recover statutory damages (including treble damages for willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against Defendants. Lofton brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Lofton is therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

WHEREFORE, Plaintiff John Lofton prays that the Court enter judgment and orders in his favor and against Collecto, Inc. and Does 1 to 5 as follows:

a. An order certifying the Class, directing that this case proceed as a class action,

and appointing Lofton and his counsel to represent the Class;

b. Judgment against Defendants, and in favor of Lofton and the other Class members in the amount of $1,500 per violation of the TCPA as proven at trial;

c. Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

d. An order granting costs and attorneys' fees; and

e. Such other and further relief as this Court may deem appropriate.

Dated: July 15, 2013                    By: _____
                                        David C. Parisi (162248)
                                        Suzanne Havens Beckman (188814)
                                        PARISI & HAVENS LLP
                                        15233 Valleyheart Drive
                                        Sherman Oaks, California 91403
                                        (818) 990-1299 (telephone)
                                        (818) 501-7852 (facsimile)
                                        dcparisi@parisihavens.com
                                        shavens@parisihavens.com

                                        Ethan Preston (263295)
                                        PRESTON LAW OFFICES
                                        8245 North 85th Way
                                        Scottsdale, Arizona 85258
                                        (480) 269-9540 (telephone)
                                        (866) 509-1197 (facsimile)
                                        ep@eplaw.us

                                        *Attorneys for Plaintiff John Lofton, on his own behalf, and behalf of all others similarly situated*

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: July 15, 2013

By: _____
David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff John Lofton, on his own behalf, and behalf of all others similarly situated*

Jury Demand